In re LAMPKE.   (No. 5.)

(Supreme Court, Appellate Division, First Department.  November 6, 1914.)

ATTORNEY AND CLIENT (§ 44*)—DISBARMENT—CENSURE.

It is entirely inconsistent with the proper performance of the duty which an attorney owes to his clients to mix their money with his own money, and to draw on his bank account, in which their money is deposited, for his personal expenses, and to fail to promptly account to clients for moneys collected; but, while such conduct merits censure, yet, in view of respondent's frank and courteous bearing before the referee, and the testimony as to his high character and his adoption of a new system of handling his collections, there was no ground for disbarment.

[Ed. Note.—For other cases, see Attorney and Client, Cent. Dig. §§ 55, 56, 62; Dec. Dig. § 44.*].

Proceedings upon the report of the official referee on charges against Abraham G. Lampke, an attorney, preferred by the Association of the Bar of the City of New York.  Respondent censured.

See, also, 155 App. Div. 932, 140 N. Y. Supp. 1127.

Argued before INGRAHAM, P. J., and McLAUGHLIN, LAUGHLIN, CLARKE, and SCOTT, JJ.

Charles D. Miller, of New York City, for petitioner.
Theodore L. Frothingham, of New York City, for respondent.

INGRAHAM, P. J.  The charges against this respondent involve the collection and receipt by him of various small sums of money on claims sent to him for collection, and a failure to repay this money to his clients for a considerable period of time, and then only after charges had been presented against him by the Association of the Bar of the City of New York.

The official referee, before whom the charges were investigated, has reported that, while the respondent is to be censured for not turning over the money to his clients promptly upon its receipt, there are mitigating circumstances, which are specified in his report, which should be considered in determining what should be the ultimate result of this proceeding.  The official referee reports:

"The respondent conducted himself before me with commendable courtesy and propriety, made no attempt at concealment or improper denial, and in my opinion bore out the very high character given him by his witnesses called. * * * He has given assurance that he has adopted a new system for handling his collection business, and that the omissions complained of will not occur hereafter.  Upon the whole case, I am of the opinion that the petitioner has failed to establish that the respondent is not a fit and proper person to continue as a member of the bar.  On the other hand, it must be admitted that the respondent has rendered himself liable to some censure for neglecting the details of his collection business and making settlements with his clients promptly as hereinbefore stated, and in these respects I respectfully recommend that such clemency be extended to him as justice will permit."

We agree with the official referee that the respondent should be censured for his unbusinesslike methods and his delay in accounting to his clients for the money which he had collected and received for them.  It is entirely inconsistent with the proper performance of the

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

duty which an attorney at law owes to his client to mix the client's money with his own money, and to draw on his bank account, in which his client's money is deposited, for his personal expenses, and to be remiss in promptly accounting to his clients for the money which he has collected for them.  For this conduct we think the respondent should be censured.

We, however, accept the mitigating circumstances stated by the official referee as justifying us in not imposing any additional penalty, and, with this expression of our views, no further steps will be taken in this proceeding.  All concur.

Argued before INGRAHAM, P. J., and McLAUGHLIN, LAUGHLIN, CLARKE, and SCOTT, JJ.

